# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 19-453V
(not to be published)

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * *  * <br> * <br> KEYONNA MICHIE, * <br> *on behalf of K.W., a minor,* * <br> * <br> Petitioner, * <br> v. * <br> * <br> SECRETARY OF HEALTH * <br> AND HUMAN SERVICES, * <br> * <br> Respondent. * <br> * <br> * * * * * * * * * * * * * * * * * * * * * * * * * | Chief Special Master Corcoran <br><br><br><br> Filed: March 13, 2024 |

*Robert J. Krakow*, Law Office of Robert J. Krakow, P.C., New York, NY, for Petitioner.

*Sarah C. Duncan,* U.S. Dep't of Justice, Washington, DC, for Respondent.

**<u>DECISION GRANTING IN PART MOTION FOR ATTORNEY'S FEES AND COSTS</u>**[1]

On March 27, 2019, Keyonna Michie filed a petition on behalf of her minor child, K.W., for compensation under the National Vaccine and Injury Compensation Program (the "Vaccine Program").[2] (ECF No. 1) ("Pet."). Petitioner alleged that K.W. suffered immune thrombocytopenic purpura ("ITP") after his receipt of the MMR, Varicella, and Hepatitis A vaccines on April 8, 2016. Pet. at 1.

---

[1] Although I have not formally designated this Decision for publication, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to Section 300aa of the Act (but will omit the statutory prefix).

The matter was initially assigned to the Special Processing Unit for the Office of Special Masters ("SPU"), based upon the assumption that an ITP/MMR Table claim might be amenable to settlement. However, the case was transferred out of SPU due to a dispute regarding whether Petitioner could satisfy the Act's severity requirement. I eventually decided the matter after briefs from both parties, dismissing the claim. Decision, dated December 4, 2023 (ECF No. 89) ("Dismissal Decision"). That determination was not appealed.

Petitioner has now filed a motion for a final award of attorney's fees and costs – the only such motion advanced in the claim's life. Corrected Motion, dated January 26, 2024 (ECF No. 93) ("Final Fees Mot."). Petitioner requests a total of $114,427.95, reflecting $113,163.10 in fees incurred for the services of Mr. Robert Krakow, Mr. Elan Gerstmann, and one paralegal, plus $1,264.85 in costs. Final Fees Mot. at 33. Respondent reacted to the final fees request on February 7, 2024. Response, dated February 7, 2024 (ECF No. 96) ("Response"). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Response at 2–4.

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$103,111.64**.

## ANALYSIS

**I.    Petitioner's Claim had Reasonable Basis**

Motivated by a desire to ensure that petitioners have adequate assistance from counsel when pursuing their claims, Congress determined that in the Vaccine Program, attorney's fees and costs may be awarded even for unsuccessful claims. H.R. REP. NO. 99-908, at 22 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6363; see also *Sebelius v. Cloer*, 133 S.Ct. 1886, 1895 (2013) (discussing this goal when determining that attorneys' fees and costs may be awarded even when the petition was untimely filed). This is consistent with the fact that "the Vaccine Program employs a liberal fee-shifting scheme." *Davis v. Sec'y of Health & Hum. Servs.*, 105 Fed. Cl. 627, 634 (2012). Indeed, it may be the only federal fee-shifting statute that permits unsuccessful litigants to recover fees and costs in the majority of cases.

However, Congress did not intend that *every* losing petition be automatically entitled to attorney's fees. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994). And there is also a prerequisite to even obtaining fees in an unsuccessful case. The special master or Court of Federal Claims may award attorney's fees and costs to an unsuccessful claimant only if "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). Reasonable basis (the second component of this test) is a prerequisite to a fees award for unsuccessful cases—although establishing it does not

automatically require an award, as special masters are still empowered by the Act to deny or limit fees on other grounds. *James-Cornelius on behalf of E. J. v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1379 (Fed. Cir. 2021) ("even when these two requirements are satisfied, a special master retains discretion to grant or deny attorneys' fees").

Reasonable basis is deemed "an objective test, satisfied through objective evidence." *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) ("*Cottingham I*"). "The reasonable basis requirement examines "not at the likelihood of success [of a claim] but more to the feasibility of the claim." *Turner*, 2007 WL 4410030, at *6 (*quoting Di Roma v. Sec'y of Health & Hum. Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). The Federal Circuit recently explained "that a reasonable basis analysis is limited to objective evidence, and that subjective considerations, such as counsel's subjective views on the adequacy of a complaint, do not factor into a reasonable basis determination." *James-Cornelius*, 984 F.3d at 1379.

Although clearly easier to meet than the preponderant standard required for compensation, "courts have struggled with the nature and quantum of evidence necessary to establish a reasonable basis." *Wirtshafter v. Sec'y of Health & Hum. Servs.*, 155 Fed. Cl. 665, 671 (Fed. Cl. 2021). "[I]t is generally accepted that 'a petitioner must furnish some evidence in support of the claim.'" *Wirtshafter*, 155 Fed. Cl. at 671. Citing the prima facie elements of a successful claim described in Section 11(c)(1), the Federal Circuit recently instructed that the level of the objective evidence sufficient for a special master to find reasonable basis should be "more than a mere scintilla but less than a preponderance of proof." *Cottingham I*, 971 F.3d at 1345-46. "This formulation does not appear to define reasonable basis so much as set its outer bounds." *Cottingham v. Sec'y of Health & Hum. Servs.*, 159 Fed. Cl. 328, 333, (Fed. Cl. 2022) ("*Cottingham II*"), aff'd without op., slip op. 22-1737 (Fed. Cir. Nov. 14, 2023). "[T]he Federal Circuit's statement that a special master 'could' find reasonable basis based upon more than a mere scintilla does not mandate such a finding." *Cottingham II*, 159 Fed. Cl. at 333 (citing *Cottingham I*, 971 F.3d at 1346).

Furthermore, the issue of reasonable basis is not a static inquiry. The reasonable basis which may have existed when a claim was initiated can later cease to exist, as further evidence is presented. *Perreira*, 33 F.3d at 1377. In *Perreira*, the Federal Circuit affirmed a special master's determination that reasonable basis was lost after Petitioner's "expert opinion, which formed the basis of the claim, was found to be unsupported by either medical literature or studies." *Id*. at 1376.

As I explained in dismissing this claim, K.W.'s injury did not meet the "severity requirement" of the Act—that sequelae of the alleged injury lasted for at least six months post-onset. *See generally* Dismissal Decision at 10. Petitioner claimed that K.W. met this requirement despite his injury being successfully treated, because his doctors exempted him from receiving additional doses of the MMR vaccine. Petitioner argued that this ongoing susceptibility constituted

a "residual effect" lasting more than six months after onset. However, while this claim was pending, the Federal Circuit determined that "residual effect" should be understood to mean "something remaining or left behind from a vaccine injury," in connection with the injury's somatic nature. *Wright v. Sec'y of Health & Hum. Servs.*, No. 16-498V, 2019 WL 1061472, at *2 n.8 (Fed. Cl. Spec. Mstr. Jan. 18, 2019), *mot. for review granted, decision rev'd*, 146 Fed. Cl. 608 (2019), *rev'd, decision reinstated*, 22 F.4th at 1005 (Fed. Cir. 2022). Thus, only "conditions within the patient" qualify; speculation that an injury may reoccur does not. *Id.* at 1006; Dismissal Decision at 11.

The severity question posed herein, accordingly, was largely answered by *Wright* in 2022 –yet this claim continued on for more than a year and a half.[3] I also do not find overall that the time devoted to a claim that hung by so thin a thread was overall well spent, as the evidentiary deficiencies pertaining to severity should have been evident from the outset. Nevertheless—the bar to prove reasonable basis is exceedingly low, and I find that the claim just barely had enough objective proof (i.e. the evidence that vaccination was not recommended after onset) to justify *most* of the work spent on it. I will, therefore, allow a fees award (although as noted below, and in keeping with my discretion relating to fees generally, a percentage cut will be applied in this case).

II.     **Calculation of Specific Fees Award**

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine

---

[3] By contrast, there is a reasonable question about the Act's definition of "surgical intervention" pending before the Federal Circuit (*Leming v. Sec'y of Health & Hum. Servs.*, 161 Fed. Cl. 744, 746 (2022), *appeal docketed*, No. 23-1032 (October 12, 2022)) – but that severity exception is not implicated by the facts of this case.

Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorneys, based on the years work was performed:

| Attorney | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 |
|---|---|---|---|---|---|---|---|
| **Mr. Robert Krakow** | $435.00 | $450.00 | $464.00 | $484.00 | $509.00 | $525.00 | $553.00 |
| **Elan Gerstmann** | -- | -- | -- | -- | $475.00 | $497.00 | $520.00 |
| **Paralegal** | $140.00 | $150.00 | $156.00 | $163.00 | $172.00 | $177.00 | $186.00 |

Final Fees Motion at 21.

Mr. Krakow and Mr. Gerstmann practice in New York, NY—a jurisdiction that has been deemed "in forum." Accordingly, they should be paid forum rates as established in *McCulloch. See Held v. Sec'y of Health & Hum. Servs.,* No. 21-0438V, 2023 WL 5201669 (Fed. Cl. Spec. Mstr. Jul 10, 2023). The rates requested for Mr. Krakow, Mr. Gerstmann, and the paralegal are also consistent with what has previously been awarded for their work, in accordance with the Office of Special Masters' fee schedule.[4] *H.C. v. Sec'y of Health & Hum. Servs.*, No. 16-4V, 2023 WL 372006 (Fed. Cl. Jan. 24, 2023). I will therefore apply the rates requested.

I have no specific concerns about certain billing entries or tasks. However, and as mentioned above, I will be adjusting the fees award in this case by 10 percent to account for excessive amount of time devoted to this claim. Not only did the case take more than five years to resolve (longer if the time Mr. Krakow began work on the matter in 2017 is taken into account), but the nature of the injury, plus the disputed severity question, were not issues that justify a six-figure fees award. I am empowered to make across-the-board cuts in appropriate cases ("Special masters need not engage in a line-by-line review of fees requests when making reductions, and in fact are permitted to make fair across-the-board cuts." *Humphries v. Sec'y of Health & Hum. Servs.*, No. 17-288V, 2021 WL 5444097, at *5 (Fed. Cl. Spec Mstr. Oct. 26, 2021)), and I find this matter such action is warranted. Thus, I will award **$101,846.79** in attorney's fees, a 10 percent reduction from the requested amount of $113.163.10.

### III.    Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed.

---

[4] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited March 11, 2024).

Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $1,264.85 in outstanding costs, including the filing fee, medical record retrieval costs, and mailing costs. Final Fees Mot. at 32. All are commonly incurred in the Vaccine Program, and are reasonable herein. All requested costs shall also be awarded.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs in its entirety and award a total of **$103,111.64** reflecting $101,846.79 in attorney's fees and $1,264.85 in costs in the form of a check made jointly payable to Petitioner and her attorney Mr. Robert Krakow.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[5]

**IT IS SO ORDERED.**

    s/ Brian H. Corcoran
    Brian H. Corcoran
    Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.